| AOC-105 Doc. Code: CI | | | Case No. 20-CI-002942 |
|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | | **CIVIL SUMMONS** | Court ☑ Circuit ☐ District |
| | | | County Jefferson |

**PLAINTIFF**

Nick C Thompson
3713 Canterbury drive                    Middle Name

Louisville KY 40299

**VS.**     City

**DEFENDANT**

Oticon
580 Howard Avenue Somerset NJ 08873

**Service of Process Agent for Defendant:**

Oticon Inc.

580 Howard Avenue Somerset NJ 08873

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified **a legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **MAY 14 2020** , 2____

DAVID L. NICHOLSON, CLERK _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2____.

Served by: _____

_____ Title

# 20CI02942

**JEFFERSON CIRCUIT COURT**
**COMMONWEALTH OF KENTUCKY**

CASE NO. 20-...........
DIVISION NO. .........
**PLAINTIFF**

**NICK THOMPSON**
**V.**

**COMPLAINT**

**CARE CREDIT**
**HEARING LIFE**
**ANTHEM BLUE CROSS BLUE SHIELD**
**AND**
**OTICON**

**DEFENDANTS**

Serve: CT Services Corporation
      Kentucky Home Life Building
      Louisville Ky. 40202

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Nick C. Thompson, makes the following complaint for relief against the above named Defendants as follows:

1. This case involves consumer litigation. Jurisdiction and venue are proper in the County and the Court in which this complaint is filed. There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor does the Plaintiff know of any other civil action, between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed.

2. Defendant, Opticon Inc. ("Manufacturer"), is a corporation which in the best knowledge of the Plaintiff is not authorized to do business in the State of Kentucky and, at all times relevant hereto, was engaged in the manufacture, sale, distribution and importing of Opticon Hearing Aids and related equipment. Opticon has not designated an agent for service of process, and the Plaintiff has found no registered agent with the Secretary of State for the Commonwealth of Kentucky. The Defendant, Opticon Inc., is the manufacturer and seller of Opticon hearing aids, which are sold throughout Kentucky and the United States through a system of dealers. Opticon sold through its Dealer Hearing Life, an Opticon pair of hearing aids,

on or about March 10th, 2020 to the Plaintiff. Oticon has no telephone number for support on it's website support page and also has not responded to requests.

3. Hearing Life engages in the business of selling Opticon hearing aids and servicing them. Hearing life contracted with the Plaintiff for servicing and sale of two hearing aids as agent and seller for Opticon, and sold the hearing aids, which are the subject of this litigation. Hearing Life is in the primary business of selling new hearing aids. HearingLife does not seem to be registered as a business nor does it seem to have any registered agent for service of process in Kentucky.

4. On or about March 8th the Plaintiff purchased two new Opticon hearing aids from the dealership Hearing Life, and which were manufactured, distributed and/or imported by the defendant manufacturer. Said purchase was made in reliance upon the representations, warranties, guarantees, and assertions made by the Defendant including the express and implied warranties and a warranty of merchantability. In addition, the Plaintiff incurred expenses for sales taxes, fees, financing charges, insurance costs, and other expenses in connection with the purchase of said goods.

5. The Defendants Opticon, Hearing Life and Care Credit have breached said warranties and representations in that the warranties are no longer sufficient to remedy the gross defects of said unit. In support thereof the Plaintiff asserts that on numerous occasions after purchasing said hearing aids the Plaintiff attempted to return them for service or repairs. Hearing life, however, had closed operations within 2-3 weeks after the sale. Hearing Life refused to answer or respond to telephone calls and emails. The offices have remained closed and the company now seems out of business. Numerous trips to the dealership were made but they were closed. The dealership could not or would not provide the contracted for servicing and the left ear unit was not operating. The defects include but are not limited to the safety, value and performance of said hearing aids and non performance of servicing for two months as of the date of this complaint. Problems began to appear shortly after the unit was purchased. The unit has been out of service repeatedly and/or for long periods of time.

6.     At the time of Plaintiffs' purchase, Plaintiffs executed a retail installment contract and financed the hearing aids with Care Credit. Anthem Blue Cross Blue Shield is a necessary party which may have a claim for subrogation for any insurance claim which paid any part.

7.     Care Credit is subject to all of Plaintiffs' claims and defenses against the defendant dealer and manufacturer, arising out of the above retail installment transaction under federal and state laws. Care Credit is also not registered nor has any agent for service of process in Kentucky. The initial service of process will be by mail to the offices for these corporations. If there is no response, the Plaintiff will request service by warning order attorney and that the attorney and court costs be added to the damages to be paid. A draft copy of the complaint was sent to Care Credit on or about 5/7/20 through it's website who did not respond. Care Credit has had knowledge since April of the problem when a chargeback was requested but has done nothing in response.

8.     This cause of action arises out of the defendants' negligence, misrepresentation, breaches of warranty and contract and violations of statutes, as hereinafter set forth. The hearing aids had a down payment plus insurance claims and financing through Care Credit for an approximate cost of about 7,500 dollars. The Plaintiff also seeks lost wages and other damages including court costs and possible attorney fees against Care Credit, Hearing Life and Oticon.

9.     The Plaintiff seeks damages in excess of $4,500 Dollars and/or equitable relief. Jurisdiction is therefore properly vested in the Circuit Court of Jefferson County.

## COUNT I—BREACH OF WARRANTIES

10.     The Plaintiff incorporates by reference all facts and allegations set forth prior in this complaint.

11.     The Defendants Hearing Life and Opticon are "merchants" with respect to goods under Kentucky Revised Statutes KRS 355.2-104. Care Credit is a "financing agency" which

includes also a bank or other person who similarly intervenes between persons who are in the position of seller and buyer in respect to the goods (KRS 355.2-707).

12.     The aforementioned goods purchased by Plaintiffs was subject to implied warranties of merchantability under Kentucky Revised Statutes KRS 355.2-314 and 355.2-315.

13.     Defendants, to induce said sale, also made certain express warranties and representations to Plaintiffs, both orally and in writing including but not limited to service contracts, advertising and through their express statements warranties and conduct. These warranties are governed by KRS 355.2-313 and a good faith standard KRS 355.1-203.

14.     Said express and implied warranties and representations included, but were not limited to, the following:

a. said hearing aids were fit for the ordinary purposes of safe, reliable and attractive use as hearing aids;

b. said goods were of good, sound and merchantable quality;

c. said goods were free from defective parts and workmanship;

d. said goods were engineered and designed as to function without requiring unreasonable efforts time and expense to obtain maintenance and repairs;

e. in the event said goods were not free from defective parts or workmanship as set forth above, that Defendants would repair or replace same without cost to Plaintiffs; and

f. that any defects or non-conformities would be cured within a reasonable time and within a reasonable number of attempts.

15.     Said goods were not as warranted and represented in that the goods remained repeatedly broken down or malfunctioned due to defective parts and workmanship, for two months after purchase. Further that the Defendant hearing life made no attempt to return phone calls and emails and was not open for business for a minimum of two months and seems to be out of business at the time of filing of this complaint.

16. As a result of its defects, said hearing aids cannot be reasonably used or relied on by Plaintiff for the ordinary purpose of safe, comfortable, attractive and efficient medical use.

17. Plaintiffs have given Defendants reasonable opportunities to cure said defects and make the subject goods fit for its intended purpose but, Defendants have been unable and/or refused to do so within a reasonable time and without cost to Plaintiff.

18. As a direct and proximate result of Defendants' various breaches of warranty, Plaintiffs have suffered damages, including but not limited to: repair costs, the cost and inconvenience of obtaining alternative medical devices, damage to credit, wage loss, interest and sales tax, insurance, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, aggravation, inconvenience, property damages and, Plaintiffs will suffer future damages, including but not limited to, the damages herein stated, lost wages together with cost and attorney fees in attempting to obtain relief from Defendant's wrongful conduct.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A. Money damages in whatever amount above $4,500 Plaintiffs are found to be entitled, plus interest, costs and reasonable attorney fees;

B. Equitable relief, including but not limited to repair of the subject units, replacements, damages for the loss of use, and extension of the express and implied warranties and service contracts which are or were applicable to the subject goods, in the event that Plaintiffs are not found to be entitled to revocation; and

C. Such other and further relief as this Court deems just.

## COUNT II—REVOCATION OF ACCEPTANCE

19. Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

20. Plaintiffs reasonably assumed and Defendants represented all of the aforesaid defects or nonconformities would be cured within a reasonable time.

21. After numerous attempts by defendants to cure, it has become apparent that said nonconformities cannot be seasonably cured and the seller cannot or will not effect reasonable repairs.

22. The nonconformities substantially impair the value to Plaintiffs.

23. Plaintiffs have previously notified Defendants of said non-conformities and Plaintiffs' intent to revoke acceptance pursuant to KRS 355.2-608 and demand return of the purchase price of said goods.

24. Defendants have nevertheless refused to accept return of the goods and have refused to refund Plaintiffs' purchase price.

WHEREFORE, Plaintiffs pray that this Honorable Court enter its Order requiring Defendants to accept return of the subject goods and refund Plaintiffs' purchase price, together with incidental and consequential damages, interest, costs and reasonable attorney fees.

## COUNT III—BREACH OF OBLIGATION OF GOOD FAITH (KRS 355.1-203 *ET SEQ*)

25. Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

26. Pursuant to KRS 355.1-203, defendants had the duty to act in good faith with respect to the transactions set forth herein; to-wit:



Obligation of good faith imposed. Sec. 355.1-203. Every contract or duty within this act imposes an obligation of good faith in its performance or enforcement. (KRS 355.1-203.)

27.     The actions of defendants as described in this complaint constitute a breach of the good faith requirement and as approximate result Plaintiffs have sustained the damages set forth herein.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A. Money damages in whatever amount above $4,500 Plaintiffs are found to be entitled, plus interest, costs and reasonable attorney fees;

B. Equitable relief, including but not limited to repair of the subject goods and extension of the express and implied warranties and service contracts which are or were applicable to the subject goods in the event that Plaintiffs are not found to be entitled to revocation; and

C. Such other and further relief as this Court deems just.

## COUNT IV—LIABILITY UNDER MAGNUSON-MOSS WARRANTY ACT (15 USC § 2301 *ET SEQ*)

28.     Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

29.     This Court has jurisdiction to decide claims brought under 15 USC § 2301 *et seq*, by virtue of 15 USC § 2301(d)–(a).

30.     Plaintiffs are consumers as defined in 15 USC § 2301(3).

31.     Defendants are suppliers and warrantors as defined in 15 USC § 2301(4)(5).

32.     The aforedescribed goods are a consumer product as defined in 15 USC § 2301(6).

33.     15 USC § 2301(a)(1), requires Defendants, as warrantors, to remedy any defect, malfunction or nonconformance of the subject goods within a reasonable time and without charge to Plaintiffs, as defined in 15 USC § 2304(d).

34.     Despite repeated demands and despite the fact that Plaintiffs have complied with all reasonable terms and conditions imposed on them by Defendants, Defendants have acknowledged that they are unable to remedy within a reasonable time and without charge, the defects heretofore set forth in Count I of this Complaint.

35.     As a result of Defendants' breaches of express and implied warranties as set forth in Count I of this Complaint, and Defendants' failure to remedy same within a reasonable time and without charge to Plaintiffs, Plaintiffs have suffered the damages enumerated in Count I of this Complaint.

WHEREFORE, Plaintiffs pray that this Honorable Court enter its Order requiring Defendants to accept return of the subject goods and refund Plaintiffs' purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by 15 USC § 2310(d)(2) or, in the alternative, that Plaintiffs be awarded damages in whatever amount they are found to be entitled, plus interest, costs and actual attorney fees.

## COUNT V—MISREPRESENTATION

36.     Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

37.     At all times relevant hereto, Defendants had a duty to perform repairs or cause repairs to be performed in a careful, workmanlike manner within a reasonable time, and had a further duty to disclose to Plaintiffs any defects or nonconformities which could not be cured within a reasonable time.

38.     At all times relevant hereto, Defendants breached the aforesaid duty of disclosure by representing, either affirmatively or by omission, that the aforedescribed defects could be seasonably cured, when they knew, or in the exercise of reasonable care, should have known the same to be untrue.

39.     Defendants further breached the aforesaid duty by representing, either affirmatively or by omission, that the subject goods would be properly and reasonably repaired, when in fact, the goods had not been or would not be adequately or properly repaired.

40.     Defendants made the aforesaid representations, knowing the same to be false or with reckless disregard as to whether they were true or false or, alternatively, innocently but with the intent that Plaintiffs rely on same.

41.     Plaintiffs reasonably relied on Defendants' representations to their detriment, as herein before alleged.

42.     Defendants benefited from Plaintiffs' reliance.

43.     As a direct and proximate result of Defendants' afore-described negligence and misrepresentation, Plaintiffs have suffered the damages set forth in Count I above.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in an amount above $4,500 Plaintiffs are found to be entitled, plus interest, costs and reasonable attorney fees.

## COUNT VI—VIOLATION OF KRS 367 *ET SEQ*
## (KENTUCKY CONSUMER PROTECTION ACT)

44. Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

45. Plaintiffs are "persons" as defined in the Kentucky Consumer Protection Act, KRS 367.110 (1).

46. The transactions complained of herein constitute "trade or commerce" as defined in the Kentucky Consumer Protection Act, KRS 367.110 (2)

47. In the course of the transactions which are the subject of this lawsuit, Defendants engaged in following conduct:

a. making untrue, fraudulent and/or negligent representations, as herein before alleged;

b. representing the subject goods to be of good, merchantable quality, free of defects, when in fact it was not;

c. failing to adequately and properly inform Plaintiffs of their rights and remedies with respect to the transactions which are the subject of this Complaint;

d. misrepresenting Plaintiffs' rights and remedies with respect to the transactions which are the subject of this Complaint, as hereinbefore alleged;

e. attempting to disclaim or limit the implied warranty of merchantability and fitness for use without clearly and conspicuously disclosing same;

Page 22 Case 3:20-cv-00444-RGJ Document 1-3 Filed 06/19/20 Page 22 of 44 PageID #: 30

f. attempting to disclaim or limit the implied warranty of merchantability and fitness for use without obtaining Plaintiffs' specific consent to the disclaimer or limitation;

g. representing that the repairs could be performed properly, within a reasonable time, when Defendants knew, or in the exercise of reasonable care, should have known that this was not the case;

h. refusing and/or failing to provide promised benefits, including but not limited to warranty repairs;

i. refusing and/or failing to provide promised benefits,

j. failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein;

k. failing to offer a refund of the purchase price of the subject goods in accordance with the applicable warranties;

l. failing to promptly refund Plaintiffs' money and/or restore his property to him upon his rightful revocation and cancellation of the subject transactions.

m. In any case against the Dealership failing to deliver records and/or falsifying records by failing to record the actual number of times the goods were returned for repairs and the seriousness of the repairs actually performed.

48. The above described conduct violated the Kentucky Consumer Protection Act, specifically but not limited to the following sections: KRS 367.170 and 367.220.

49. As a result of the Defendants' actions above Plaintiffs have suffered the damages hereinbefore set forth, and also are entitled to statutory damages including punitive damages if any and attorney fees as provided in the Kentucky Consumer Protection Act, specifically, KRS 367.220.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

A. Money damages in whatever amount above $4,500 Plaintiffs are found to be entitled, plus punitive damages if any are proper, interest, costs and reasonable attorney fees;

B. Equitable relief including, but not limited to, rescission or reformation of the subject contract or, alternatively, repair of the subject goods, extension of the express and implied warranties, and service contracts which are or were applicable to the subject goods, in the event that Plaintiffs are not found to be entitled to rescission; and

C. Such other and further relief as this Court deems just.

## COUNT VII—
## PRODUCT LIABILITY

50. Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

51. Defendant sold a product that was in a "defect condition" and that was "unreasonably dangerous" and/or defective as defined by KRS 411.300 in that the product is unfit for reasonable and safe use.

52. As a result of Defendant Manufacturer's and Dealer's actions, Plaintiffs have suffered damages as set forth herein and also are entitled to statutory damages and attorney fees as provided in these acts.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in whatever amount above $4,500 Plaintiff is found to be entitled, plus interest, costs and reasonable attorney fees.

## COUNT IX
## DEFENDANT DEALER

53. Plaintiffs incorporate by reference all facts and allegations set forth in this complaint.

54. Defendant Dealer is a "Dealership" "Merchant" and "Seller" as defined under the UCC and the Magnusom Moss acts.

55. Under the aforesaid Acts, Defendant Dealer owes a duty to Plaintiffs and others to refrain from engaging in or attempting to engage in any method, act or practice which is unfair or deceptive and is liable for defective products.

56. Defendant Dealer breached the above duty in the following inexhaustive list of ways:

a. by falsely representing to Plaintiffs that the goods were fit for sale.

b. by falsely representing to Plaintiffs that the repairs to the goods could be completed within a reasonable time;

c. by selling defective goods and not honoring the warranties.

57.     The above described conduct by Defendant Dealership constitutes "unfair and deceptive practices" and violates the duties of a merchant Dealer or seller of such goods.

58.     The above described conduct by Defendant Dealer amounts to a willful and flagrant violation of these Acts.

59.     As a result of Defendant Dealer's action above, Plaintiffs have suffered damages as set forth herein and also are entitled to statutory damages and attorney fees as provided in these acts. The Dealership has possession of documents required by the Plaintiff(s).

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in whatever amount above $4,500 Plaintiff is found to be entitled, plus interest, costs and reasonable attorney fees.

## COUNT X—HOLDER LIABILITY DEFENDANT LENDER.

64.     Plaintiffs incorporate by reference all heretofore mentioned facts and allegations in this Compliant.

60.     Pursuant to 16 CFR 433, the Defendant lender is subject to all of Plaintiffs' claims and defenses arising out of the aforesaid sale. Any lender must include the following notice in any financing contract. to-wit:

NOTICE: Any holder of this Consumer Credit Contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

Lender, is subject to all of Plaintiffs' claims and defenses which Plaintiffs could assert against the co-Defendants in this cause. In this case the lender adamantly claimed it was not subject to any of the defenses. It blatantly limited it's liability to a chance that it may be able to obtain a charge back. It then submitted a chargeback and claimed it would damage the

Plaintiff's credit if the Plaintiff dared to assert claims against the lender stating any problem was not the lender's fault or problem. Hence this case was filed.

67.    Pursuant to KRS 367.610, Defendant Lender is subject to all of Plaintiffs' claims and defenses arising out of the aforesaid sale. The Dealership has possession of documents required by the Plaintiff(s).

WHEREFORE, Plaintiffs pray for Judgment against Defendant lender as follows:

A. Money damages in an amount equal to Plaintiffs' payments under the subject contract, incidental losses, plus interest, costs and attorney fees; and

B. Cancellation of the subject contract and refund of both the insurance and amounts paid through the contract and installments; and

C. That Defendant be ordered pay damages and to delete any neutral or negative credit information from Plaintiff's credit history arising out of the subject transaction; and

D. That Defendant be permanently enjoined from reporting any neutral or negative credit information concerning Plaintiff arising out of the subject transaction; and

E. Such other and further relief as this Court deems just.

WHEREFORE, Plaintiffs pray that this Honorable Court enter its order requiring Defendants to refund Plaintiffs' purchase price, together with taxes, insurance premiums, interest, costs and actual attorney fees as provided by KRS or, in the alternative, that Plaintiffs be awarded damages in whatever amount they are found to be entitled, plus interest, costs and actual attorney fees. Plaintiff specifically elects as a remedy a refund of the purchase price of the goods, rescission of the contract and hereby tenders the goods to the lender and or manufacturer in accord with his revocation of the contract effective this date at the latest.

Respectfully submitted,

Nick C. Thompson
800 Stone Creek Parkway Suite 6
Louisville, Kentucky 40223
Bankruptcy@Bankruptcy-Divorce.com
502-625-0905 Fax 502-625-0940

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by mail to:

1. Oticon Inc. 580 Howard Avenue Somerset, NJ 08873 USA
2. Hearing Life 406 Blankenbaker Parkway, Suite A Louisville, KY 40243
3. Synchrony, PO Box 960061, Orlando, FL 32896-0061
4. Anthem Blue Cross Blue Shield 13550 Triton Park Blvd, Louisville, KY 40223

Nick C. Thompson
800 Stone Creek Parkway Suite 6
Louisville, Kentucky 40223
Bankruptcy@Bankruptcy-Divorce.com
502-625-0905 Fax 502-625-0940

CINCINNATI OH 452

08 JUN 2020 PM 5 L

36 Highhandlemulti PMarchant .

Klein
12.19 Silver creek Cr

Love Islands20,0 lhrrqtz60x46195

Synchrony
PO Box 960061
Orlando, FL 32896-0061

32896-006161

(Page 2 of 10)

Joseph C. Klein, Esq.
Associate General

Anthem Blue Cross and Blue Shield
4361 Irwin Simpson Road
Mason, OH 45040
ph: 513-336-4628
fx: 513-336-2552
joseph.klein@anthem.com

Jefferson County Clerk of Court – Civil Suit Desk
Jefferson Judicial Center
700 W. Jelferson St., Room 309
Louisville, KY 40202



June 8, 2020

**Via First Class Mail**

**RE:** **Thompson v. Oticon**
**- Answer of Defendant Anthem Health Plans of Kentucky, Inc. for Filing**

Dear Sir or Madam,

Please find enclosed an original answer in the above captioned matter on behalf of defendant Anthem Health Plans of Kentucky, Inc., incorrectly named in the Complaint as "Anthem Blue Cross Blue Shield." As shown by the affidavit of service attached to the answer, all parties have been served.

Thank you very much for your help. If you have any questions or if I can be of assistance in any way, please feel free to contact me at 513.336.4628 or joseph.klein@anthem.com.

Thank you again for your attention, and sincerely yours,

Joseph C. Klein, Esq. (0076160)

cc: all parties

Enc.

**JEFFERSON CIRCUIT COURT**
**COMMONWEALTH OF KENTUCKY**

**CASE NO. 20-CI-02942**
**DIVISION NO. 5**
**JUDGE SHAW**

**NICK THOMPSON,**                                              **PLAINTIFF**

## ANSWER OF DEFENDANT ANTHEM HEALTH PLANS OF KENTUCKY, INC. TO COMPLAINT

**CARE CREDIT, HEARING LIFE,**                    **DEFENDANTS**
**ANTHEM BLUE CROSS BLUE**
**SHIELD, and OTICON**

Defendant Anthem Health Plans of Kentucky, Inc., dba Anthem Blue Cross and Blue Shield ("AHPK"), named in the Complaint as "Anthem Blue Cross Blue Shield", for its Answer to Mr. Thompson's Complaint, states as follows.

### First Defense

1-5.    AHPK lacks information sufficient to confirm or deny the averments contained in Paragraphs 1-5 of the Complaint and therefore denies those averments.

6.    In response to Paragraph 6 of the Complaint, AHPK is currently investigating its subrogation interest, if any. AHPK lacks information sufficient to confirm or deny the remaining averments contained in that paragraph.

7-67.    In response to Paragraphs 7-18 of the Complaint, AHPK does not understand the term "Defendants" to include AHPK, because Plaintiff alleges AHPK was joined strictly in its subrogation capacity. To the extent any averment in these paragraphs refers to AHPK, AHPK denies that averment. AHPK lacks information sufficient to confirm or deny the remaining averments contained in that paragraph.

### Second Defense

Page 1 of 3

68.   AHPK reserves the right to amend this pleading as necessary, including the right to assert additional defenses as established by the evidence disclosed in this case, or as otherwise permitted by law.

Respectfully submitted,

Joseph C. Klein (92872)
Anthem Blue Cross and Blue Shield
4361 Irwin Simpson Road
Mason, OH 45040
Telephone: (513) 336-4628
Facsimile: (513) 336-2552
Joseph.Klein@anthem.com

*Attorney for Defendant Anthem Health Plans of Kentucky, Inc., dba Anthem Blue Cross and Blue Shield*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and accurate copies of the foregoing Answer was served upon the following party(ies) via regular U.S. mail this 8th day of June, 2020, with courtesy copy by electronic mail, where possible.

Nick C. Thompson
800 Stone Creek Parkway, Suite 6
Louisville, Kentucky 40223
bankruptcy@bankruptcy-divorce.com

*Plaintif*

Hearing Life
406 Blankenbaker Parkway, Suite A
Louisville, KY 40223

*Defendant*

Oticon Inc.
580 Howard Avenue
Somerset, NJ 08873

*Defendant*

Synchrony,
PO Box 960061
Orlando, FL 32896-0061

*Defendant*

/S/
_____
Joseph C. Klein